# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **RICHARD MYERS,** ) | **CASE NO.  1:05 CV 106** |
| ) | |
| Petitioner, ) | **JUDGE DAN AARON POLSTER** |
| ) | |
| ) | **MEMORANDUM OF OPINION** |
| **MARGARET BRADSHAW, WARDEN,** ) | **AND ORDER** |
| ) | |
| **Respondent.** ) | |

The above-captioned case is before the Court pursuant to the Report and Recommendation of Magistrate Judge Patricia A. Hemann ("R&R") **(ECF No. 14).** Pending is a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner Richard Myers ("Petition"). *ECF No. 1*. Petitioner filed an objection to the Report and Recommendation on September 2, 2005, wherein he objected to "each and every finding made by the Magistrate Judge." *ECF No. 17, Objections and Exceptions, etc.* ("Objections"), at 1. The Court will not address each of these objections individually, primarily because most of them lack merit, but will address those objections that warrant further attention. Furthermore, the Court rebukes Petitioner's counsel for the insulting and intemperate remarks he made in those objections which are directed towards the Magistrate Judge.[1]

---

[1]Counsel stated that the Magistrate Judge "robotically states that petitioner has failed to show by clear and convincing evidence that the decision by the Ohio courts involved an

Petitioner challenges his May 28, 2003 conviction for one count of aiding or abetting kidnaping, three counts of aiding or abetting rape, one count of aiding or abetting tampering with evidence, one count of aiding or abetting unlawful restraint, and one count of aiding or abetting assault following a jury trial in the Richland County Court of Common Pleas. Petitioner raises the following assignments of error: (1) the prosecutor directly commented on the fact that petitioner did not testify; (2) petitioner was denied a fair trial because the prosecutor improperly expressed his opinion of petitioner's guilt, vouched for the credibility of prosecution witnesses, and made appeals to passion and prejudice to secure a conviction; (3) petitioner was sentenced in violation of *Blakely v. Washington,* 124 S. Ct. 2531 (2004), in that his sentence was based on factors neither alleged in the indictment nor found by the jury; (4) petitioner was denied his right to a speedy trial; (5) petitioner was denied due process of law when the court overruled his motion to suppress without conducting a full and fair hearing; and petitioner's phone conversations were unconstitutionally intercepted and played to the jury; (6) petitioner was denied due process of law and a fair trial when the court allowed witnesses to give their opinions as to the truth and veracity of statements made by others against petitioner; and the court admitted into evidence an unauthenticated letter as being authored by petitioner along with experimental evidence and reports of witnesses who had already testified; (7) petitioner was denied his right to counsel and due process of law when the court answered a question from the jury without notifying petitioner's counsel or petitioner; (8) petitioner was denied due process of law when the court refused to instruct the jury in a manner that would reflect petitioner's defense to the charge thus denying him the

---

unreasonable application of federal law." *Objections,* at 1-2.

right to present a defense; and petitioner's right to present a defense was violated when the court refused to instruct upon the lesser included offense of gross sexual imposition; (9) petitioner was denied due process of law when he was tried in Richland County for offenses that occurred in Ashland County; (10) petitioner was denied due process of law when he was convicted of aiding or abetting for merely being present during the commission of the offenses by others; and there was insufficient evidence to convict petitioner of tampering with evidence; (11) petitioner was subjected to unconstitutional multiple punishments where the court failed to merge the kidnaping and rape convictions; (12) petitioner was denied due process of law when he was determined to be a sexual predator without any evidence.

In a thorough, well-written opinion, Magistrate Judge Hemann considered Petitioner's claims and concluded that the federal habeas petition should be denied without an evidentiary hearing. *ECF No. 14,* at 1, 10. Petitioner thereafter filed an objection to the Report and Recommendation. *ECF No. 17.* As previously indicated, the Court does not find it necessary to address each objection individually. The Court will now address those objections that warrant further attention.

In his first ground for relief, Petitioner argues that the prosecutor commented on his failure to testify. *Petition,* at 5. Specifically, Petitioner objects to the following statements made by the prosecutor during closing argument: First, in referring to the victims' testimony, the prosecutor stated as follows: "There is absolutely no believable evidence contrary to what they said." *Tr.,* at 1153. Later in his argument, the prosecutor stated that "there has been absolutely no words out of the mouth of [Petitioner], or anyone else, that [Petitioner] was threatened in any way to do what he did on that

-3-

night." *Id*. at 1156-57. The Ohio Court of Appeals addressed this claim on Petitioner's direct appeal and held as follows:

> {¶ 91} A prosecutor is entitled to a certain degree of latitude in closing arguments. *State v. Liberatore (1982), 69 Ohio St.2d 583, 589, 433 N.E.2d 561*. Thus, it falls within the sound discretion of the trial court to determine the propriety of these arguments. *State v. Maurer (1984), 15 Ohio St.3d 239, 269, 473 N.E.2d 768*. A conviction will be reversed only where it is clear beyond a reasonable doubt that, absent the prosecutor's comments, the jury would not have found the defendant guilty. *State v. Benge, 75 Ohio St.3d 136, 141, 661 N.E.2d 1019, 1996-Ohio-227*. Furthermore, "[i]solated comments by a prosecutor are not to be taken out of context and given their most damaging meaning." *Donnelly v. DeChristoforo (1974), 416 U.S. 637, 647, 94 S.Ct. 1868, 40 L.Ed.2d 431*.
>
> \* \* \*
>
> {¶ 99} The state may comment upon a defendant's failure to offer evidence in support of its case. *State v. Collins (2000), 89 Ohio St.3d 524, 733 N.E.2d 1118*. "Such comments do not imply that the burden of proof has shifted to the defense, nor do they necessarily constitute a penalty on the defendant's exercise of his Fifth Amendment right to remain silent." *Id. at 528-29, 89 Ohio St.3d 524, 733 N.E.2d 1118*. The state must refrain from commenting on a decision not to testify, but the state may challenge the weight of evidence offered by the defense in support of its theory of the case. *Id.* The state does not have a duty to disprove every possible circumstance suggested by the defendant. *Id.*
>
> {¶ 100} The appellant in the case at bar mischaracterizes the prosecutor's statements. Although the appellant did not testify, the State did admit several recorded telephone conversations between the appellant and family members. (See Assignment of Error III, supra). The State further admitted into evidence at trial an oral statement made by the appellant to the police. (T. at 775-81).
>
> {¶ 101} When taken in context, it is clear that the prosecutor was referring to the fact that in all the statement [*sic*] made by the appellant there is no mention of his being threatened, intimidated or

>coerced into taking any action or refraining from acting on the night in question. (T. at 1156-1157). Accordingly, the prosecutor was commenting on the lack of evidence and not on the fact that appellant had not testified. Further, the jury was instructed that they were not to consider the fact that appellant did not testify at trial. (T. at 1192).
>
>{¶ 102} None of the instances raised by appellant rise to the level of prejudicial error necessary to find that he was deprived of a fair trial. Appellant was not convicted as charged in the indictment. The appellant was found not guilty of aiding and abetting the kidnapping of Anna Adkins. (T. at 1244). He was found not guilty of the rape of Ashley Gaines, although he was found guilty of aiding and abetting in her rape. (T. at 1244-45). The jury found the appellant guilty of two lesser offenses. (T. at 1245-46). Clearly, the jury was not swayed or influenced by the prosecutor's statements.

*State v. Myers,* No. 03-CA-61, 2004 WL 1327929, *11-13 (Ohio Ct. App. June 9, 2004).

In the R&R, the Magistrate Judge found that Petitioner failed to produce clear and convincing evidence that the Ohio Court of Appeals' factual finding was incorrect. *R&R,* at 16. The Magistrate Judge then stated that Myers cannot prevail on this claim without a showing of prejudice. Petitioner argues in his objections that the prosecutor commented on the fact that he did not testify and therefore deprived him of a fair trial. *Objections,* at 4.

The Sixth Circuit has set forth the standard this Court must follow when assessing the constitutionality of indirect references by the prosecutor to the defendant's failure to testify. *See Lent v. Wells,* 861 F.2d 972, 975 (6th Cir. 1988). The court must examine the following four factors:

>1) Were the comments 'manifestly intended' to reflect on the accused's silence *or* of such a character that the jury would 'naturally and necessarily' take them as such;
>2) were the remarks isolated or extensive;
>3) was the evidence of guilt otherwise overwhelming;
>4) what curative instructions were given and when.
>*Hearn v. Mintzes,* 708 F.2d 1072, 1077 (6th Cir.1983); *accord*

-5-

> *Spalla v. Foltz,* 788 F.2d 400, 404 (6th Cir.1986). The court will not find manifest intent if some other explanation for the prosecutor's remarks is equally plausible. *United States v. Robinson,* 651 F.2d 1188, 1197 (6th Cir.1981). Whether the jury would "naturally and necessarily" construe the comments to reflect on the defendant's failure to testify requires "a probing analysis" of the context of the comments, and the likely effect of the trial court's curative instruction. *Id.*

*Lent v. Wells,* 861 F.2d at 975. In the instant case, the following colloquy took place during the prosecutor's closing argument:

> Prosecutor: [Petitioner] confessed to these crimes to his mother on the phone. There has been absolutely, positively no evidence out of [Petitioner's] mouth or anybody else's mouth --
>
> Defense counsel: Objection.
>
> The Court: Wait a minute until you hear what he is saying. I can't even tell what you are objecting to yet.
>
> Prosecutor: There has been absolutely no words out of the mouth of [Petitioner], or anyone else, that [Petitioner] was threatened in any way to do what he did on that night.
>
> Defense counsel: Objection
>
> The Court: Overruled.

*Tr.,* at 1156-57.

The Court must first look at the context in which this statement was made. Before making this statement, the prosecutor twice commented on Petitioner's telephone conversations. He stated as follows: "you heard those phone calls. In [Petitioner's] own voice, his own words." *Id*. at 1155. Immediately before making the remark to which Petitioner now objects, the prosecutor stated as follows: "from the words – from the mouth of [Petitioner] on a phone call to his mother, he said those

-6-

girls weren't drunk." *Id*. at 1156. The state appellate court held that, when taken in context, the prosecutor (in making the challenged remark) was referring to the fact that in all the statements made by Petitioner, he does not mention being threatened, intimidated or coerced into taking or refraining from taking an action on the night in question.

The context in which the challenged remark was made reveals that the prosecutor's statement was not intended as a reference to Petitioner's failure to testify. Rather, the statement was intended as a response to the defense argument that Petitioner was placed under duress at the time of the offense.[2] Because another explanation for the prosecutor's comments is equally plausible, *see Lent,* 861 F.2d at 975, and the remarks were isolated, the Court finds that the prosecutor's comments did not violate Petitioner's right against compulsory self-incrimination. Petitioner does not show by clear and convincing evidence that the decision of the state appellate court was based on an unreasonable determination of the facts in light of the evidence presented at trial. Moreover, he does not present any Supreme Court case law contrary to the state court judgment. The only federal case cited by Petitioner is *Lent v. Wells*. There, the Sixth Circuit held that the prosecutor's remarks during closing argument denied the petitioner his right to be free from compulsory self-incrimination. *Lent* is distinguishable, as in that case, the prosecutor made five remarks that the evidence was uncontradicted, the five remarks were extensive and not isolated, and the Sixth Circuit held that the remarks were manifestly intended to call attention to petitioner's failure to testify, or at least they would have been so construed by the jury. *Lent,* 861 F.2d at 974-75, 977.

---

[2]During opening argument, defense counsel attempted to portray Petitioner as a boy who was terrorized, who did not encourage or assist the conduct at issue, and was in fear of his life. *Tr.*, at 221-22.

Petitioner also objects to the prosecutor's remark that "[t]here is absolutely no believable evidence contrary to what they said." This statement was made in the context of the following colloquy:

> Prosecutor: It is clearly impossible to find [Petitioner] not guilty of these horrible crimes unless you find that Anna and Ashley are total and complete bold-faced liars.
>
> All of the evidence we have presented to you is totally consistent with what Anna and Ashley told you. There is absolutely no believable evidence contrary to what they said.
>
> Defense counsel: Objection, Your Honor.
>
> Prosecutor: Their stories have been consistent from start to finish.
>
> The Court: Just a minute. When he objects, you are supposed to stop.
>
> Prosecutor: I'm sorry, Your Honor.
>
> The Court: I think that's a matter for the jury to determine whether the evidence is believable or not.
>
> Prosecutor: Okay.
>
> The Court: Again, folks, understand that what's happening here is argument. The attorneys get enthusiastic about their argument, but you are to decide the case based on the law and the evidence. So you can decide, regardless of what they say, that you disagree with them. And that will be your duty to determine who you agree with and who you don't agree with.

*Id.* at 1152-53. Again, the Court finds that the prosecutor's remark was not manifestly intended to reflect on Petitioner's failure to testify. Furthermore, any harm that might have resulted from the

-8-

prosecutor's argument was remedied by the trial court's curative instruction. *See United States v. Carter,* 236 F.3d 777, 787 (6th Cir. 2001); *United States v. Walton,* 908 F.2d 1289, 1293-94 (6th Cir. 1990). Accordingly, the Court overrules Petitioner's objections relating to his first ground for relief.

In the tenth ground for relief, Petitioner argues that he was denied his due process rights because the indictment did not properly charge him with the tampering with evidence offense or give him sufficient notice of the tampering with evidence charge. *Traverse,* at 26. He argues that the indictment did not allege what facts constituted tampering with evidence. *Id*. Petitioner repeated this argument in his objections. *Objections,* at 28-29.

This claim was presented to the Ohio Court of Appeals during Petitioner's direct appeal, *see ECF No. 8, Exh. C,* at 27, but that court failed to address the argument. Moreover, the Magistrate Judge did not address this argument in the R&R. However, a review of the record indicates that Petitioner did not present this argument to the Ohio Supreme Court. Accordingly, this sub-claim is procedurally defaulted. *See Stanford v. Parker,* 266 F.3d 442, 451 (6th Cir. 2001); *Lewis v. Randle,* No. 00-3216, 2002 WL 847985, at *2 (6th Cir. Apr. 30, 2002). Petitioner fails to allege cause and prejudice, or a fundamental miscarriage of justice, to excuse this default. *See Harris* v. Reed, 489 U.S. 255, 262 (1989).

Petitioner raises another argument that was not addressed in the R&R. In his traverse, Petitioner challenges the trial court's imposition of consecutive sentences. *Traverse,* at 6-9. This argument, which was presented as part of Petitioner's third ground for relief, was not raised in the habeas petition. The Court finds that the Magistrate Judge did not err in failing to address this claim

-9-

because this argument was not properly presented on habeas review.  *See Tyler v. Mitchell,* 416 F.3d 500, 504 (6th Cir. 2005) (finding that the district court did not err in declining to address an argument that was first presented in the petitioner's traverse and not in the habeas petition).  Even were the claim properly presented, Petitioner's argument would not be well taken.  A thorough review of the argument presented in the traverse reveals that Petitioner does not demonstrate that the state appellate court's judgment was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  He also does not show that the state-court judgment was contrary to clearly established Supreme Court law.

Having reviewed the record and the relevant case law, the Court agrees with the Magistrate Judge's overall conclusion that Petitioner's application for habeas corpus should be denied.

Accordingly, the Court hereby **OVERRULES** Petitioner's Objections, *ECF No. 17,* and **ADOPTS** the Report and Recommendation **(ECF No. 14)** in full.  The underlying 28 U.S.C. § 2254 habeas corpus petition **(ECF No. 1)** is **DENIED**.  Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).  The above-captioned case is hereby ordered dismissed as final.

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster 9/16/2005*
**Dan Aaron Polster**
**United States District Judge**